DISTRICT COURT OF GUAM

TERRITORY OF GUAM

GABRIEL H.T. LAU,

    Plaintiff,

vs.

DEPARTMENT OF EDUCATION ("FKA" GUAM PUBLIC SCHOOL SYSTEM),

    Defendant.

Civil Case No. 09-00015

**OPINION AND ORDER**

This matter comes before the court upon the motion to dismiss by the Defendant Department of Education, formerly known as Guam Public School System, filed on June 19, 2009. *See* Docket No. 9. After reviewing the parties' submissions, as well as relevant caselaw and authority, the court hereby **GRANTS** the motion and **DISMISSES** the case.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff Gabriel Lau ("the Plaintiff"), proceeding *pro se*, filed a Complaint asserting that he was wrongfully terminated by the Department of Education ("the Department") from his position as a teacher. *See* Docket No. 1. The Plaintiff has been a resident of Guam since 1987. *See id.* He worked at John F. Kennedy High School during the 2003-04 school year, and at Tamuning Elementary School during the 2004-05 school year. *See id.* After he completed his education and obtained teacher certification, he began working as a certificated teacher at D.L. Perez Elementary School on August 12, 2008. *See id.* As a certificated teacher, the Plaintiff was subject to a one-year probationary period pursuant to the personnel rules and regulations

governing the Department. *See id.*, Exh. 1.

On October 2, 2008, the Plaintiff received a "Memorandum of Reprimand" dated October 2, 2008, indicating that between 12:20 and 12:35 p.m. that day, the principal found the Plaintiff sleeping on the job, leaving his students unsupervised. *See* Docket No. 6, Exh. 6. This memorandum stated that the Plaintiff's performance would be reviewed for 30 days, and if he failed to change or improve, "there may be no alternative but to consider more stringent disciplinary measures, including adverse action which may result in demotion, suspension, and dismissal." *Id.*

Apparently, on October 6, 2008, the Plaintiff informed his principal that he was sick and unable to work, but she "demanded" that he come in to work and "did not show any kind of consideration for [his] medical condition." *See* Docket No. 1. (The Complaint does not indicate the nature of the Plaintiff's medical condition.)

On November 6, 2008, the Plaintiff received "Memorandum of Concern" from the principal for his failure to attend faculty meetings, which is required according to the Guam Education Policy Board Faculty Handbook. *See* Docket No. 1, Exh. 2. This memorandum again warned the Plaintiff: "If you fail to change or improve, there may not be [an] alternative but to consider more stringent disciplinary measures." *Id.*

In a letter from Acting Superintendent of Education Arlene Unpingco dated November 25, 2008 ("the termination letter"), the Plaintiff was terminated from his position. *See id.*, Exh. 1. The termination letter refers to Section 904.602 of the Department's rules and regulation, which states "all certificated employees shall be required to serve a probation period of one (1) year . . . . " Docket No. 1, Exh. 1. The termination letter also states: "Despite the fact that you are being terminated as an employee of [the Department, this] does not prevent you from re-applying for employment with the department." *Id.*

Although unclear from the record, after his termination the Plaintiff apparently submitted a complaint to the Guam Education Policy Board on March 2, 2009. *See* Docket No. 1, Exh. 3. On April 15, 2009, the Plaintiff was again advised that he could apply for other open positions, as his pending case "will not hamper [him] from submitting new applications for positions

currently announced at [the Department's] Personnel Services Division. . . . Your application along with other applicants will be reviewed and processed in accordance with the [Department's] Personnel Rules & Regulations." Docket No. 1, Exh. 4.

The Plaintiff filed the Complaint in this case on May 29, 2009, alleging he was wrongfully terminated on four grounds:  1) his termination was "without a justifiable cause"[1] because it was based on the school principal's recommendation and observation; 2) he was subject to retaliation arising from the "[r]efusal of the superintendent [of the Department] to give [him] a teacher's referral for re-employment"; 3) the principal violated the Family and Medical Leave Act on October 6, 2008, when she "demanded" that he come in to work and "did not show any kind of consideration for [his] medical condition"[2]; and 4) the principal "created a hostile working environment" for a variety of reasons.[3]  *See* Docket No. 1.  In his Complaint, the

---

[1] Although Plaintiff concedes that he received the November 6, 2008 "Memorandum of Concern" from the principal, he seemingly argues that the there is no connection between this memorandum and his termination letter. *See*, Docket No. 1, Exh. 2.

[2] The Complaint does not indicate the reason that the Plaintiff called in "sick" on October 6, 2008, nor does it indicate the nature of the Plaintiff's "medical condition."

[3] The Plaintiff listed the following ways in which the principal created a hostile working environment:

1. Most faculties attempted to block me from sources of help. I frequently felt isolated.

2. My fourth grade chairman (Mr. Bais) for second quarter did not provide information regarding giving perfect attendance award, and most improved award. . . . This is an example of being misinformed.

3. I was required by the principal to supervise 22 students for three consecutive days, from Mrs. Romas's class without a lesson plan. . . .

4. After I returned from medical leave, my computer equipments were pushed to the corner without any explanation from the principal. It is [an] infringement of my classroom setting under the liberty of education.

5. Mrs. Hanzsek [the principal] conducted an informal observation of my class and she never gave me a feedback so I can work on what I needed to improve.

Plaintiff requests the following relief:

> 1) Reinstatement as a permanent teacher and be placed at any Elementary School of my choice.
>
> 2) Back pay from November 24, 2008 to the time I get reinstated.
>
> 3) Letter of apology from the acting superintendent of education (Mrs. Arlene Unpingco).

*Id.*

The Plaintiff filed a "Complaint Amendment" on June 2, 2009, adding two more reasons to support of his wrongful termination claim. *See* Docket No. 6. Under claim 5, the Plaintiff seems to argue that the principal did not comply with the Department's "Probationary Teacher Evaluation Program" which includes, *inter alia*, holding a pre-evaluation conference and at least a formal observation with written feedback. *See* Docket No. 6, Exh. 6. Under claim 6, the Plaintiff states that after receiving a "Memorandum of Reprimand" regarding his sleeping on the job, he never received feedback from the principal about his performance. *See id.*, Exh. 6. He contends that because the principal failed to review his performance after November 14, 2008, "it is only right that I get at least a satisfactory evaluation." *See id.*

Notably, neither the Plaintiff's Complaint nor his "Complaint Amendment" refers to any claim of discrimination based on his national origin, which the Plaintiff had alleged in a complaint he had made to the Equal Employment Opportunity Commission.[4]

---

> 6. No administrator informed me that I had a Special Education student in my D.I. Writing class. I found out from the parent during Parent Teacher Conference.
>
> g.[7.] The principal believe[s] that I am young and I could not get sick often. On September 16, 2008, she told me that I could not take anymore sick leave of absence. I had no alternative but to force myself to go to work and conduct my teaching even though I was seriously ill.

Docket No. 1.

[4] On December 15, 2008, the Plaintiff filed a Charge of Discrimination against the Department, alleging discrimination based on national origin. *See* Docket No. 15, Exh. 1. The Plaintiff alleged that he was "not treated equally" by his school principal, because the school principal, who is Chamorro, gave another teacher the option to change classrooms due to a

Page 4 of 10

The Department, through the Office of the Attorney General, sought dismissal, arguing that there was no basis in federal statute, the Federal Rules of Civil Procedure, or the court's local rules of procedure, for the Plaintiff's Complaint. The Department argued dismissal should be granted pursuant to: 1) Rules 12(b)(1) and 12(h)(3) because the court lacks subject matter jurisdiction; 2) Rule 12(b)(2) because the court lacks person jurisdiction; 3) Rule 12(b)(4) because there was insufficient service of process; and 4) Rule 12(b)(6) because the Plaintiff fails to state a claim for which he is entitled to relief. *See* Docket No. 9. In addition, the Department urges the court to dismiss pursuant to Rule 41(b), as the Plaintiff's pleadings failed to comply with both federal civil procedure rules and local rules of practice. *See id.*

II. **DISCUSSION**

Because jurisdiction is the threshold determination in every case, the court addresses this argument first. The limited jurisdiction of the federal courts is well established. The United States Supreme Court has stated:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). The Ninth Circuit Court has expressed the presumption of limited federal jurisdiction as follows: "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citing *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir.1987)).

The Department contends that the Plaintiff's allegations of wrongful termination fail to plead any basis for this court to exercise its jurisdiction, either based on diversity jurisdiction under 28 U.S.C. § 1332, or on federal question jurisdiction under 28 U.S.C. § 1331. *See* Docket No. 6. The Plaintiff cannot claim diversity jurisdiction, which requires that there be complete

---

nonoperational air conditioning unit, but he was not given this option. *See* Docket No. 15, Exh. 1. He further states: "I believe I have been discriminated against because of my national origin (Chinese)." *Id.*

diversity of citizenship between the plaintiff and defendant. Thus, this case will survive only if the Complaint raises a federal question under 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The Plaintiff raises six grounds for termination: 1) lack of "justifiable cause" as his termination was based on the principal's observation and recommendation; 2) retaliation; 3) violation of the Family and Medical Leave Act; 4) a hostile working environment; 5) failure to comply with Department's "Probationary Teacher Evaluation Program"; and 6) failure to receive feedback from the principal about his performance. *See* Docket Nos. 1 and 6. The claims which rely on the Department's practices and policies (i.e., claims 1, 5 and 6) would clearly not trigger federal jurisdiction, as there is no federal statute involved. However, the Plaintiff seemingly relies on two federal statutes as a basis for federal question jurisdiction: Title VII of the Civil Rights Acts of 1964 and the Family and Medical Leave Act of 1993.

Although the Plaintiff's pleadings are far from clear, they must be construed liberally. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, the court will address the claims made in both the Complaint and "Complaint Amendment" despite the Plaintiff's noncompliance with local rules of practice. *See* Local Civ. R. 10.1 and 15.1. Moreover, the court declines to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, merely for the Plaintiff's failure to comply with the local rules. *See* Docket No. 9.

**A.     Title VII claim**

Although the Plaintiff generally argues that he was wrongfully terminated, this court will interpret his Complaint as alleging that he was subject to retaliation and a hostile working environment – terms which ordinarily trigger claims of employment discrimination pursuant to Title VII of the Civil Rights Acts of 1964. *See* 42 U.S.C. § 2003, *et. seq.*

///

### 1. Retaliation

The Plaintiff first contends that there was "retaliation" based on the "[r]efusal of the [Department] superintendent to give [him] a teacher's referral for re-employment," apparently because the Plaintiff had filed a complaint with the Equal Employment Opportunity Commission ("EEOC") after he was terminated. Docket No. 1. It appears that the Plaintiff argues this refusal is an adverse employment action that triggers Title VII protection. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Retaliation claims under Title VII are based on section 2000e-3, which states in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

42 U.S.C. § 2000e-3(a).

The Plaintiff argues that it was retaliation for the Department to deny him a referral for re-employment. For support, the Plaintiff includes two exhibits, a March 16, 2009 letter and an April 15, 2009 letter, both from the Department superintendent. *See* Docket No. 1, Exhs. 3 and 4. The March 16, 2009 letter requests that the Plaintiff refrain from contacting the Department or any of its personnel, as they were awaiting the findings and recommendations by the EEOC. *See* Docket No. 1, Exh. 3. The April 15, 2009 letter again advises the Plaintiff not to contact the Department and its personnel because his case was under review. *See* Docket No. 1, Exhs. 3 and 4. The April 15, 2009 letter once again invites the Plaintiff to submit a new application for other positions. This letter further advised the Plaintiff that waiting for the EEOC's review "will not hamper you from submitting new applications for positions currently announced at [the Department's] Personnel Services Division. If you qualify for the position, based on the minimum requirements, you are more than welcome to submit your application. [The Department] will continue to accept and process your application, as we have done previously . . . ." Docket No. 1, Exh. 4. Based on the two letters provided by the Plaintiff (*see* Docket 1, Exhibits 3 and 4), it is clear that his claim of retaliation under Title VII is without merit.

### 2. Hostile working environment

Next, the Plaintiff claims the principal created a hostile working environment. Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). The Plaintiff sets out six examples of the hostile working environment. *See* footnote 3. None of these reasons, however, demonstrate discrimination based on the Plaintiff's "race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1). Thus, any claim of discrimination due to a hostile working environment under Title VII is without merit.

As noted, even construing the Plaintiff's clams liberally, the court finds no basis in Title VII that provides for federal question jurisdiction.

### B. Family and Medical Leave Act claim

The Plaintiff also seems to make a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, arguing that the principal violated this federal law when she "demanded" that he come to work on October 6, 2008, despite his unnamed "medical condition." *See* Docket No.1. The FMLA provides, as relevant to this case, that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

The Plaintiff does not demonstrate how the FMLA applies here to warrant the court exercising federal jurisdiction in his case. He makes only a bald allegation that the principal "violated" the FMLA, which he seems to believe should automatically grant him the relief he seeks, namely, reinstatement as a permanent teacher at a school of his choosing, back pay from November 24, 2008, and a letter of apology. *See* Docket No. 1. The citation to the FMLA is insufficient to justify this court expanding its jurisdiction to hear the case. "[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists."

*Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). His own pleadings and exhibits show that the Plaintiff was a probationary employee, and was terminated based on his principal's observation and recommendation. *See* Docket No. 1, Exh. 1. These same pleadings and exhibits reveal that the principal had found him asleep on the job with his students unsupervised, and that the Plaintiff failed to attend school faculty meetings as required by the Guam Education Policy Board. *See* Docket No. 1, Exhs. 1 and 2. Despite the Plaintiff's citation to the FMLA, this federal law is not a necessary element of his case. The court finds that the Plaintiff has not met his "burden of proving the actual existence of subject matter jurisdiction." *Thompson*, 99 F.3d at 353.

III. **CONCLUSION**

Despite liberal reading of his *pro se* pleadings, the court finds that the Plaintiff has failed to satisfy the threshold showing of federal jurisdiction. "Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton*, 114 F.3d at 982 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983)). The Plaintiff primarily claims he was wrongfully terminated by the Department, and that the Department did not follow its programs and policies. Nothing in Plaintiff's Complaint remotely demonstrates that the ultimate ruling of his case depends on resolution of any federal law, including Title VII and the FMLA. This court is cognizant that "that federal jurisdiction demands not only a contested federal issue, but a substantial one indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Plaintiff fails to demonstrate that there is a substantial federal issue raised in his claims, or that the right to relief he claims "necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 28.

The court finds that the Plaintiff has failed to meet his burden of actually proving this court has federal question jurisdiction. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Rule 12(h)(3) of the Federal Rules of Civil Procedure states that "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[5]  Accordingly, the Motion to Dismiss is hereby **GRANTED.**

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
       **Chief Judge**
**Dated: Dec 29, 2009**

---

[5] Because the dismissal is granted based on the lack of federal jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court finds it unnecessary to address the alternative grounds for dismissal argued by the Department, and the Motion to Add Parties and Claims filed by the Defendant. *See* Docket Nos. 9 and 32.